# In the United States Court of Federal Claims

No. 24-1476

Filed: January 8, 2025

|  |  |
|---|---|
| SHANE J. OSBORN, | ) |
| *Plaintiff,* | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| *Defendant.* | ) |

## **REMAND ORDER**

Pending before the court is the Government's motion to stay this action while the Board for Correction of Naval Records ("BCNR") reconsiders its decision on Plaintiff's claims, ECF No. 7, and the Plaintiff's cross-motion for remand to the BCNR, ECF No. 9.

Plaintiff brings this action to challenge the BCNR's determination that he was fit for duty when he was discharged and did not qualify for military disability retirement. ECF No. 1. His complaint alleges that the BCNR erred in its evaluation because it did not apply the four mandatory factors enumerated at Secretary of the Navy Instruction ("SECNAVINST") 1850.4E § 3304. ECF No. 1 at ¶¶ 67-72, 74-75, 77-82. The Government's motion acknowledges "[i]t is not clear from the documentation in the existing record whether the BCNR fully considered all four factors." ECF No. 7 at 2. While perhaps not conceding error, this argument concedes that the record, which is not before the court, is insufficient to allow the court to resolve this action and the end result would be a remand to the BCNR. Rather than spinning our wheels for the time to brief and argue the merits, the Government has represented that the BCNR wishes to reconsider the prior decision now. "The BCNR plans to reconsider its prior decision and evaluate all four factors from SECNAVINST 1850.4E § 3304. The BCNR will then issue a new decision that supersedes the original decision." ECF No. 7 at 2. As part of that reconsideration process, the BCNR intends to allow Mr. Osborn the opportunity to present new evidence and arguments. *Id.* at 4-5. The BCNR may seek additional advisory opinions and allow Mr. Osborn the opportunity to respond to those as necessary. *Id.* In other words, this is the administrative law equivalent to an Alford plea—the Government insists that it is not admitting error but recognizes that it will lose on the merits and wants to reconsider its decision now. But the Government admits too much. If the record does not reflect that the BCNR considered the mandatory factors, there is error and remand is appropriate.

Yet, the Government requests specifically that the court *stay* this matter under Rule 7 of the Rules of the United States Court of Federal Claims while the BCNR reconsiders its decision, *rather* than remand it under Rule 52.2. ECF No. 7 at 1; ECF No. 11 at 1. The Government argues a remand of this matter under Rule 52.2 would be improper because the six-year statute of limitations in 28 U.S.C. § 2501 might bar this action. ECF No. 7 at 3-4; ECF No. 11 at 1. The statute of limitations would bar Plaintiff's action if he had "actual or constructive knowledge that he was entitled to disability benefits" under the requirements of 10 U.S.C. § 1201 at the time of his discharge in May 2005. *Real v. United States*, 906 F.2d 1557, 1563 (Fed. Cir. 1990); *see Chambers v. United States*, 417 F.3d 1218, 1224 (Fed. Cir. 2005) ("The appropriate inquiry . . . is whether at the time of his separation . . . , [the plaintiff] knew that he was entitled to disability retirement due to a permanent disability that was not a result of his intentional misconduct and was service-connected."); *see also* ECF No. 7 at 3. The court does not share the Government's concerns.

If this court lacks jurisdiction over this matter, it could neither remand nor stay this case as the Government requests. *E.g.*, Rule 12(h)(3). But the court's jurisdiction over this case will turn on facts in the record (which is not yet before the court) that is apparently insufficiently developed at this point. But that record will be more fully developed during the reconsideration process. Indeed, the Government's motion itself states the facts "suggest" that the statute of limitations may bar Plaintiff's action, ECF No. 7 at 3, but the Government does not, and cannot, argue the facts demonstrate conclusively Plaintiff knew or should have known in May 2005 that he qualified for disability retirement under 10 U.S.C. § 1201. In other words, the Government does not provide any basis not to remand just because it *might* file a motion to dismiss at some point in the future. And from the arguments presented thus far, the court would almost certainly remand this matter for further development of the record *even if* the Government moved to dismiss on statute of limitations grounds to allow the record to be fully developed before deciding such a motion. In the end, the better course of action is to remand this matter to the BCNR (as it has effectively requested) and let the BCNR compile a more complete record and reconsider its prior decision.

Indeed, Plaintiff requests a remand for the same reason the Government seeks a stay—to allow the BCNR to reconsider its decision and consider all four SECNAVINST factors. ECF No. 7 at 2; ECF No. 9 at 4-5. Rule 52.2(a) authorizes this court to remand matters to executive agencies, and the court has "discretion over whether to remand." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). When "the agency has not considered all relevant factors, . . . the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985); *INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands."). In *Kelly v. United States*, 69 F.4th 887 (Fed. Cir. 2023), the agency failed to consider all the criteria in SECNAVINST 1850.4E § 3304—the same alleged error in this case. There, the court remanded the case to address the required criteria. *Id.* at 896. A remand of this case to consider all the SECNAVINST criteria would comport with *Kelly* and align with the actions the BCNR already plans to take. *See* ECF No. 7 at 2 ("The BCNR plans to reconsider its prior decision and evaluate all four factors from SECNAVINST 1850.4E § 3304. The BCNR will then issue a new decision that supersedes the original decision."). Additionally, a remand to the agency could afford Plaintiff the relief he seeks in the present litigation and remove the need for

the court to consider a potential motion to dismiss or merits briefing.  ECF No. 9 at 5.  Accordingly, the court exercises its discretion to remand this case.

That said, the court is not inclined to instruct the BCNR to take the specific actions that Mr. Osborn asks the court to include in its order.  Specifically, Mr. Osborn asks the court to instruct the BCNR to reconsider its prior decision and correct any error or remove injustices.  ECF No. 9 at 7.  But the BCNR already intends to do that, so the court does not need to instruct it to do that.  Similarly, Mr. Osborn wants the court to instruct the BCNR to allow him 30 days to submit additional claims, evidence, and argument to the BCNR as part of the remand.  ECF No. 9 at 7.  Again, the BCNR already intends to allow this.  *See* ECF No. 7 at 4-5.  The same is true regarding Mr. Osborn's request that the court instruct the BCNR to consider getting new advisory opinions.  *See* ECF No. 7 at 5; ECF No. 9 at 7.

For the foregoing reasons, the court **GRANTS-IN-PART** and **DENIES-IN-PART** the Plaintiff's cross-motion for a remand, ECF No. 9, and **GRANTS-IN-PART** and **DENIES-IN-PART** the Government's motion to stay, ECF No. 7.

The court **REMANDS** this case to the BCNR for 180 days **until July 7, 2025**, for further consideration consistent with this opinion.  Pursuant to Rule 52.2(b)(1)(D), the Government shall file a status report in 90 days **on April 8, 2025**, updating the court on the status of the remand.  The Parties shall then file a joint status report within 30 days of the BCNR's final decision advising the court of the need for any further proceedings.  This case will be **STAYED** during the remand.

The Clerk of Court is **DIRECTED** to send a certified copy of this Order to the Board for Correction of Naval Records at the following address:

Elizabeth A. Hill, Executive Director
Department of the Navy
Board for Correction of Naval Records
701 South Courthouse Road
Building 12, Suite BE140
Arlington, Virginia 22204-2490

It is so ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge
